IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TEVITA JOHN HAUNGA, JR., <br><br> Petitioner, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Civil No. 2:19-cv-585-DB <br> Crim. No. 2:16-cr-506-DB <br><br> District Judge Dee Benson |

Before the Court is Petitioner's motion, pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

## PROCEDURAL HISTORY

On October 5, 2016, a federal grand jury charged Petitioner in a single-count felony indictment with a violation of 18 U.S.C §922(g)(1), Felon in Possession of a Firearm and Ammunition. Dkt. No. 3 at 1. On November 4, 2016, Petitioner was arraigned by U.S. Magistrate Judge Paul M. Warner at which time Petitioner entered a plea of not guilty. *Id.* at 2. Judge Warner ordered Petitioner detained pending trial and set a three-day jury trial for January 9, 2017. *Id.*

On October 31, 2019, Petitioner appeared before U.S. District Judge Dee Benson and changed his plea to guilty, as charged in the federal indictment. *Id.* Specifically, Petitioner appeared before the court and, after being placed under oath, admitted the following:

> "On or about September 14, 2016, in West Valley City, Utah, I knowingly and intentionally possessed a firearm. More specifically, I possessed a loaded, semi-automatic

.45 caliber pistol. The firearm traveled in and affected interstate commerce as the firearm was not manufactured in the state of Utah. Furthermore, prior to the date of my knowing possession of the firearm, I was previously convicted of a crime punishable by more than a year in prison. I admit that my conduct violated 18 U.S.C § 922(g)(1)."

Criminal Case, Dkt. No. 25 at 3. In Paragraph 11(e.), "Prior Conviction," of Petitioner's plea agreement, Petitioner admitted the following: "I have a prior felony conviction for Robbery in the Third District Court, State of Utah, Case No. 061907452." *Id.* at 4.

The written plea agreement entered into by the parties and accepted by the court included a waiver of any appeal or collateral challenge. *Id.* Specifically, Petitioner stated "I knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C § 2225, except on the issue of ineffective assistance of counsel." *Id.* On January 12, 2018, the court imposed Petitioner's sentence, ordering the Petitioner to serve forty-eight (48) months in the custody of the Federal Bureau of Prisons with a thirty-six (36) months period of supervised release to follow. Dkt. No. 3 at 3. On August 19, 2019, Petitioner filed the motion at issue, his 28 U.S.C § 2225 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. No. 1.

## FACTUAL BACKGROUND

The following facts are taken from the government's answer to Petitioner's motion (Dkt. No. 3) and are not contradicted by Petitioner. On September 14, 2016, Deputy U.S. Marshals ("DUSM") Steven Douglas and Brittany Dean were seeking to execute an arrest warrant against Petitioner. Acting on information that Petitioner was staying at the My Place Hotel in West Valley City, the deputy marshals went to the hotel seeking to execute a warrant against Petitioner. While they were at the hotel, DUSM Douglas spotted Petitioner exiting the hotel. DUSM Douglas drew his service weapon, pointed it at Petitioner, and said, "Police, let me see

your hands!" Petitioner fled on foot, and DUSM Douglas holstered his weapon and gave chase. DUSM Douglas tackled Petitioner and attempted to restrain him, but Petitioner was able to get up and continue fleeing. DUSM Douglas observed Petitioner moving his hands at his waistline and was able to once again take Petitioner to the ground, continuing his effort to restrain him. Petitioner was able to get back on his feet again, and as he did so, a pistol fell from his waistline. As Petitioner fled, a holster also fell from his waistline. DUSM Douglas turned back around to secure the gun with DUSM Dean. The pistol that fell from Defendant's waistline was a 1911 style, .45 caliber handgun with a loaded magazine.

The following day, members of the United States Marshal's Violent Fugitive Apprehension Strike Force Team ("VFAST") located Petitioner inside a residence at 3810 S. Redwood Road #1157. Ultimately, the VFAST members took Petitioner into custody after breaching the front door and calling for the defendant.

## DISCUSSION

Petitioner makes several claims about the unlawfulness of his conviction. As part of his guilty plea, however, Petitioner agreed to an appeal waiver that bars any collateral attack on his conviction except for ineffective assistance of counsel. Such appeal waivers are routinely upheld by federal appellate courts. *See United States v. Frazier-LeFear*, 665 F. App'x 727 (10th Cir. 2016); *United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005). Tenth Circuit precedent "directs that appeal/collateral review waivers are enforceable." *Frazier LeFear*, 655 F. App'x at 733. To invalidate a plea agreement without finding that the agreement itself is unlawful would undermine the aims of such agreements, which offer finality and certainty to both defendants and the government. *Porter*, 405 F.3d at 1145. Here, because Petitioner "expressly waived [his] right to challenge [his] sentence . . . in any collateral review motion . . . except on the issue of

ineffective assistance of counsel," his claims unrelated to that topic have been waived. Petitioner cannot therefore challenge his conviction except as it relates to whether he received ineffective assistance of counsel.

Petitioner does raise claims on the issue of ineffective assistance of counsel, but it is not clear precisely what Petitioner is claiming his lawyers erroneously failed to explain to him. In pursuing any such claims relating to his plea agreement, Petitioner "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). This Petitioner has failed to do.

First, Petitioner claims that his appointed counsel failed to inform him of the "scienter" element of the crime that the United States Supreme Court addressed in *Rehaif v. United States*. 139 S. Ct. 2191 (2019). *Rehaif* was decided on June 21, 2019, four months before Petitioner entered a guilty plea in this case. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U. S. C. §922(g), the government must prove both that the defendant knowingly possessed a firearm and that he knew at the time of possession that he belonged to the relevant category of persons barred from possessing a firearm. *Id.* at 2200. Petitioner claims that his "counsel knew or should have known that under any reasonable reading of the § 922(g) statute, a violation of federal law requires knowledge of the conduct one is committing." Dkt. No. 1 at 8. Even if Petitioner's counsel had explained the Supreme Court's recent holding in *Rehaif* to Petitioner, however, Petitioner would have been advised only that the government must prove that Petitioner knew of his prior felony conviction at the time he knowingly possessed the firearm. In order to show that he would not have pled guilty if he had been advised of this scienter requirement, Petitioner must have evidence that he did not know in 2016 that he had a 2007 felony conviction that resulted in a lengthy prison sentence, a conviction he attested to under

4

oath in his guilty plea. Petitioner never claimed—neither in this motion nor in any prior statements—that he was unaware of his prior felony conviction. As a result, Petitioner has failed to show prejudice from any alleged failure to be advised of *Rehaif's* scienter requirement.

Next, Petitioner claims that his "counsel failed to admonish Petitioner that the crime . . . requires him to knowingly possess a firearm." Dkt. No. 1 at 8. This claim is also without merit. Petitioner affirmed under oath that he was advised of this requirement in his statement in advance of plea: "My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge . . . and what the government is required to prove in order to convict me. The elements of [§ 922(g) include] . . . I did knowingly possess a firearm." Criminal Case, Dkt. No. 25 at 1. Because the argument raised in his motion contradicts his under-oath statement in his guilty plea, it fails.

Finally, Petitioner appears to claim that his attorney erred in advising him "to settle the case by guilty plea" because "he had no knowledge" that he possessed a firearm. Dkt. No. 1 at 7. Yet Petitioner made an unequivocal under-oath statement that he "knowingly and intentionally possessed a firearm . . . [s]pecifically . . . a loaded, semi-automatic .45 caliber pistol." Criminal Case, Dkt. No. 25 at 3. Petitioner cannot claim that his counsel's settlement advice was deficient when he specifically attested to knowing possession of a firearm in his guilty plea.

## CONCLUSION

For the foregoing reasons, Petitioner has failed to demonstrate that he was prejudiced by any alleged ineffective assistance of counsel. Petitioner previously waived all other collateral attacks on his sentence. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is therefore DENIED.

IT IS SO ORDERED.

DATED this 30th day of January, 2020.

BY THE COURT:

_____
Dee Benson
United States District Judge